510 F.2d 966
 88 L.R.R.M. (BNA) 2607, 76 Lab.Cas. P 10,622
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danville Industries, Inc., Petitioner
v.
National Labor Relations Board, Respondent.
 No. 74-1558.
 United States Court of Appeals, Fourth Circuit.
 Jan. 27, 1975.
 
 1
 Before BOREMAN, Senior Circuit Judge, BUTZNER, Circuit Judge, and THOMSEN, Senior District Judge.
 
 PER CURIAM
 
 2
 Petitioner, Danville Industries, Inc., appeals from the decision of the NLRB which found that Danville had committed an unfair labor practice by refusing to bargain with a duly certified union representing petitioner's employees. Danville's defense to the charge is that the union was improperly certified.
 
 
 3
 After the employees had voted in favor of the union, petitioner filed objections to the result. Following investigation of the election campaign, the Regional Director recommended that the objections be overruled and the union be certified. Petitioner excepted to the report and requested an evidentiary hearing, but the Board adopted the Regional Director's Report and certified the union.
 
 
 4
 In order to obtain judicial review of that certification Danville refused to bargain when requested to do so by the union. The Board entered summary judgment upholding the unfair labor practice charge, ordered Danville to cease and desist from refusing to bargain and, affirmatively, to engage in bargaining on request. Danville now seeks to have that order set aside, by asserting that the union was improperly certified, while the Board cross-petitions for enforcement of its order.
 
 
 5
 Petitioner charges irregularities in the union's conduct in the election campaign which denied the employers a free and untrammeled choice. These irregularities were allegedly compounded by the failure of the Regional Director to hold even an evidentiary hearing concerning them, with the result that the union was improperly certified.
 
 
 6
 The Regional Director made findings and concluded that the irregularities, even if true, would not justify setting aside the election. The Board approved and adopted the findings and conclusions of the Regional Director. We agree. "[E]xaggerations, hyperbole and appeals to emotions are the stuff of which election campaigns are made." Schneider Mills, Inc. v. NLRB, 390 F.2d 375, 379 (4 Cir.1968). Not every excess or abuse engaged in by the antagonists in a union election is sufficient to require that the election be set aside. Finding no error in the procedures and determinations of the Board certifying the union as the collective bargaining agent of the employees, the Board's order will be enforced.
 
 
 7
 Enforcement granted.